# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

### No. 00-30408
### Summary Calendar

---

**JAMES HAWTHORNE,**

**Plaintiff-Appellant,**

**versus**

**LEROY HOLIDAY,**

**Defendant-Appellee.**

---

### Appeal from the United States District Court
### for the Western District of Louisiana
### (98-CV-1595)

---

November 3, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

James Hawthorne, Louisiana prisoner #83561, appeals the 28 U.S.C. § 1915(e) dismissal, as frivolous, of his 42 U.S.C. § 1983 complaint.

Hawthorne's claim for compensation for the loss of his personal property when he was transferred from one correctional facility to another does *not* state a claim for the violation of a constitutional right. *See* **Marsh v. Jones**, 53 F.3d 707, 712 (5th Cir. 1995). "Section 1983 imposes liability for violations of rights protected by the Constitution, *not* for violations of duties

---

[*]Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles." **Baker v. McCollan**, 443 U.S. 137, 146 (1979) (emphasis added); *see also* **Daniels v. Williams**, 474 U.S. 327, 332-33 (1986).

Hawthorne's claim for damages resulting from mental or emotional injury is precluded by 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.").

And, because Hawthorne has *not* briefed his alleged entitlement to injunctive relief, he has abandoned that issue on appeal. *See* **Yohey v. Collins**, 985 F.2d 222, 224-25 (5th Cir. 1993).

In sum, Hawthorne's complaint was properly dismissed as frivolous. *See* 28 U.S.C. § 1915(e). Therefore, this appeal is without arguable merit and also frivolous. *See* **Howard v. King**, 707 F.2d 215, 219-20 (5th Cir. 1983) (defining frivolous appeal as one without arguable merit). The appeal being frivolous, it is hereby **DISMISSED**. 5TH CIR. R. 42.2.

28 U.S.C. § 1915 governs proceedings *in forma pauperis*, such as the action at hand. Hawthorne is cautioned that the dismissal of this appeal as frivolous counts as a "strike" under § 1915(g), as does the district court's dismissal of his complaint as frivolous. *See* **Adepegba v. Hammons**, 103 F.3d 383, 388 (5th Cir. 1996) ("[B]oth the frivolous appeal and a lower court's dismissal as frivolous count."). Therefore, Hawthorne has two "strikes"

2

under § 1915(g).  Hawthorne is further cautioned that if he accumulates three such "strikes", he will *not* be able to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).

**AFFIRMED**